UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, | Civil Action No. 15-7982 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. MERRILL MAIN, et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

Plaintiff Joseph Aruanno currently resides at the Special Treatment Unit ("STU") in Avenel, New Jersey. He has sued the Attorney General of the State of New Jersey and Dr. Merrill Main, alleging violations of his constitutional rights under Section 1983, and seeks to proceed *in forma pauperis*. Based on his affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis* status pursuant to 28 U.S.C. § 1915.

Federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). As explained below, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8(a) and for failure to provide sufficient facts to suggest that he is entitled to relief.

In the "Statement of Claims" section of his Complaint, Plaintiff states as follows:

> I submit this in reply to the recent decision by the Third Circuit Court of Appeals in "Conover", No. 13-2103, which held that since I was denied "TREATMENT" while I was in prison I must file a 42 U.S.C. § 1983 to remedy such a constitutional violation.

> And where I make clear that I submit this against the defendants in both their OFFICAL & INDIVIDUAL CAPACITY. As well as seek INJUNCTIVE & DECLARATORY RELIEF, etc.
> . . .
> And which may also include PUNITIVE & COMPENSATORY RELIEF, etc. . . .
>
> And for which the Hon. Barry Albin of the Supreme Court called such constitutional neglect and Due Process disregard a "CHARADE"!

(ECF No. 1, Compl. at 6. (ellipses in original).) Plaintiff contends that he has discussed "this issue, or violation, with [Director Main] numerous times but there has been no action or relief." (*Id.* at 4.) Plaintiff alleges that he has also informed the Attorney General, who has likewise "failed to act or correct this." (*Id.* at 5.) In the relief requested section of the Complaint, Plaintiff asks for the following relief: "Correct such a constitutionally flawed action by applying the correct legal standard, and any and all relief seen fit. Possibly outpatient programing, etc. . . ." (*Id.*)

In his application to proceed *in forma pauperis*, Plaintiff further states:

> This case involves being denied treatment for the many years I was in prison, then to be involuntarily civilly committed afterwards for "allegedly" needing treatment.
>
> *As this Court knows, I am being denied a job for exercising my constitutional right to remain silent. Also, I have no income or assets as the record on this Court makes clear.[1]

(ECF No. 1-1, IFP Application at 1.) Plaintiff provides no other information about his claims in the Complaint or IFP application.

A Complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each averment must be "concise, and direct,"

---

[1] The second paragraph is handwritten in all caps.

*Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed. R. Civ. P. 8(e)(1)). A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004). A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. *See Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (finding dismissal appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "[A]n order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication of the merits." *Scibelli*, 219 F. App'x at 222 (citing *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir.2005)).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).

Construed broadly and in light of Plaintiff's confinement at the STU, Plaintiff appears to allege that he was denied treatment while in prison and was then involuntarily committed after his release from prison because he needs treatment. Plaintiff also states that he has been denied a job at the STU for exercising his right to remain silent, but it is not clear if that is another basis

for his Complaint in this action. Plaintiff has provided <u>no facts whatsoever</u> regarding these allegations. Plaintiff's Complaint refers vaguely to an "issue" or "violation" for which he seeks redress, but he provides no further explanation.[2] As such, his Complaint fails to provide a short and plain statement of his claims or plead enough facts, accepted as true, to plausibly suggest that he entitled to relief. *See* Fed. R. Civ. P. 8(a); *Gibney*, 547 F. App'x at 113. The Court will therefore dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8 and for failing to provide sufficient facts to suggest he is entitled to relief. To the extent he can cure these deficiencies, Plaintiff may submit an amended Complaint within thirty (30) days of the date of the Order accompanying this Memorandum Opinion.

_____
Madeline Cox Arleo, U.S.D.J.

Date: 12/10, 2015

---

[2] The Court notes that Mr. Aruanno is a frequent filer in this District and may assume that the Court is familiar with these "issues" or "violations" by way of other Complaints he has filed. The Court advises Plaintiff that each Complaint is a separate action, and he must provide sufficient facts related to the instant action when he files his Amended Complaint.

4