UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, | Civil Action No. 15-7982 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. MERRILL MAIN, et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

### I.   INTRODUCTION

This matter has been opened to the Court by Plaintiff Joseph Aruanno's filing of an Amended Complaint in the above-titled action. He currently resides at the Special Treatment Unit ("STU") in Avenel, New Jersey. He has sued the Attorney General of the State of New Jersey and Dr. Merrill Main, alleging violations of his constitutional rights under 42 U.S.C. § 1983 related to alleged inadequacy of treatment at the STU.

The Court previously granted his application for *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (ECF No. 3.) In that same Order and accompanying Memorandum, the Court also screened the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) and determined that the Complaint failed to provide a short and plain statement of his claims or plead enough facts, accepted as true, to plausibly suggest that he entitled to relief. (ECF No. 2, Memorandum Opinion at 3 (citing Fed. R. Civ. P. 8(a); *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013)). The Court therefore dismissed the Complaint without prejudice and permitted Plaintiff to submit an amended Complaint within thirty (30) days of the date of the Order accompanying the Court's Memorandum Opinion. (*See id*; *see also* ECF No. 3.)

As noted above, Plaintiff subsequently filed an Amended Complaint, which the Court now screens pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, the Court will again dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8(a) and for failure to provide sufficient facts to suggest that he is entitled to relief. The Court will also provide Plaintiff with another opportunity to file a Second Amended Complaint that alleges sufficient facts to support his § 1983 claims against Defendants.

## II.   ALLEGATION IN THE AMENDED COMPLAINT

In "Amended Complaint," Plaintiff refers to himself as "JA" and raises four points for the Court's consideration. In his first point, he states the following:

> "[a]s the record in this case make clear, JA submitted this case in reply to the OPINION filed by the Third Circuit Court in appeal No. 13-2103, which was dated 2/25/15, where they 'Held that 42 U.S.C. § 1983 [is] the appropriate vehicle to challenge the denial of sex-offense treatment", which amounts to a 'DUE PROCESS' and EQUAL APPLICATION/EQUAL PROTECTION violation compared to those receive treatment during a prison sentence, and quoting the Supreme Court of the United States." And for which the Hon. Barry Albin of the Supreme Court of New Jersey called a 'CHARADE', to be denied treatment in prison, then opinion it is needed afterwards which then amounts to such a LIBERTY DEPRIVATION, etc. . . .
>
> Now, to apply this more directly to JA, when he was sentenced in Cape May County the court ruled that he was not repetitive or compulsive, which did not qualify him for treatment at the State's only prison for sex offenders, where treatment is given daily, as well as the lack of seriousness of the crime, the lack of criminal record which the Superior Court also factored in as to deny JA treatment while in prison, then totally contradicting itself, at the end of sentence where he did 5 years in state prison the same court, the Superior Court of NJ, positioned that JA was in serious need of treatment where he was immediately sent to another state prison under the scheme of civil commitment where he has been for going on 12 years now and counting.

> And where it must be mentioned that during the 5 years in prison JA did absolutely nothing to warrant such decision which includes not acting out sexually, etc. . . .

(ECF No. 4, Am. Complaint. at 1 (alterations, capitalization, and ellipses in original).)

In Point II, Plaintiff states the following:

> Also the record in the District Court such as No. 1-789, 04-3066, 10-5026, etc., all address the fact that there is no treatment available [at the STU], or 'NOT EVEN MINIMALLY ADEQUATE," as the state's expert concluded in a Class-Action arising out of yet more due process violations, as well as the court such as Judge ruled the program was/is deficient and needed more staff, treatment, etc., where it must be noted the defendants continue to fail such standards and the Plaintiffs are attempting to REOPEN the 'treatment/therapy' issues.
>
> And which is proven by a recent OPINION by Judge D. Debevoise decided 10/17/14 about the PUNITIVE, and harmful, nature of our existence [in the STU]. And which are key issues in BOTH "KANSAS" cases quoted by the Supreme Court of the United States addressed in 'CONOVER', and for which then goes beyond PUNITIVE but also becomes EX POST FACTO and DOUBLE JEOPARDY violations of the Constitution of the United States, as well as New Jersey's.

(Complaint at 2-3.)

In POINT III, Plaintiff clarifies that he is not attempting to challenge the denial of a job at the STU and mentioned this information in his IFP application to establish that he is indigent.

(*Id.* at page 3.)

In Point IV, Plaintiff states the following:

> It is also important to note here that institutional documentation in this case which show that the state had decided to commit JA at least 2 years before the completion of his sentence but continued to deny him any treatment if that is what they really believe go above and beyond any DELIBERATE INDIFFERENCE standards when it comes to DOUBLE JEOPARDY, EX POST FACTO, etc., which make this case PRIME for any PRECEDENCE to be set here regarding these issues, and which would include certain INJUNCTIVE & DECLARATORY RELIEF requested such as MANDATE that ANYONE with a sex crime no matter how minor the court may think it is must have treatment during any prison

3

>sentence given, which is the CHARADE that Judge Albin speaks of.
>
>And where here in light of such liberty deprivations, the court should consider OUTPATIENT treatment where there may be some treatment available, unlike the prison he is confined at. As well as any other relief this court sees fit.

### III. **STANDARD OF REVIEW**

A Complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each averment must be "concise, and direct," *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed. R. Civ. P. 8(e)(1)). A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004). A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. *See Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (finding dismissal appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "[A]n order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication of the merits." *Scibelli*, 219 F. App'x at 222 (citing *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir.2005)).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do

4

so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).

IV.    **ANALYSIS**

The Court begins by noting that it is exceedingly difficult to make sense of Plaintiff's Amended Complaint. The Court is mindful of its obligation to liberally construe the pleadings of *pro se* parties, however, and will attempt to construe Plaintiff's pleadings. In his Amended Complaint, Plaintiff first alleges that he has brought the instant action in response to the Third Circuit's decision in *State v. Conover*, 601 Fed. App'x 112 (2015) (unpublished). As explained below, the Third Circuit's decision in *Conover* does not provide a cause of action to Plaintiff under § 1983.

In *Conover*, the Petitioner filed a habeas petition challenging his civil commitment under New Jersey's Sexually Violent Predator Act ("SVPA"). The District Court construed his claims for relief as Eighth Amendment, *ex post facto*, and double jeopardy challenges to his civil commitment. *See id.* at 113-14. Although the Third Circuit granted a certificate of appealability, it flatly rejected each of Petitioner Conover's claims for relief and affirmed the District Court's dismissal of Petitioner's habeas claims. *See id.* at 113-115. With respect to the *ex post facto* and double jeopardy claims, the Third Circuit found that the majority of the New Jersey Supreme Court reasonably relied on *Kansas v. Hendricks*, 521 U.S. 346 (1997), in rejecting Petitioner's constitutional challenge, *id.* at 114, and likewise agreed with the New Jersey Supreme Court that the Supreme Court's decision in *Seling v. Young*, 531 U.S. 250 (2001), barred Petitioner from arguing that the statute was unconstitutionally punitive as applied to him. *See id.* With respect to Conover's Eighth Amendment claims, the Third Circuit

so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).

IV.    **ANALYSIS**

The Court begins by noting that it is exceedingly difficult to make sense of Plaintiff's Amended Complaint. The Court is mindful of its obligation to liberally construe the pleadings of *pro se* parties, however, and will attempt to construe Plaintiff's pleadings. In his Amended Complaint, Plaintiff first alleges that he has brought the instant action in response to the Third Circuit's decision in *State v. Conover*, 601 Fed. App'x 112 (2015) (unpublished). As explained below, the Third Circuit's decision in *Conover* does not provide a cause of action to Plaintiff under § 1983.

In *Conover*, the Petitioner filed a habeas petition challenging his civil commitment under New Jersey's Sexually Violent Predator Act ("SVPA"). The District Court construed his claims for relief as Eighth Amendment, *ex post facto*, and double jeopardy challenges to his civil commitment. *See id.* at 113-14. Although the Third Circuit granted a certificate of appealability, it flatly rejected each of Petitioner Conover's claims for relief and affirmed the District Court's dismissal of Petitioner's habeas claims. *See id.* at 113-115. With respect to the *ex post facto* and double jeopardy claims, the Third Circuit found that the majority of the New Jersey Supreme Court reasonably relied on *Kansas v. Hendricks*, 521 U.S. 346 (1997), in rejecting Petitioner's constitutional challenge, *id.* at 114, and likewise agreed with the New Jersey Supreme Court that the Supreme Court's decision in *Seling v. Young*, 531 U.S. 250 (2001), barred Petitioner from arguing that the statute was unconstitutionally punitive as applied to him. *See id.* With respect to Conover's Eighth Amendment claims, the Third Circuit

disagreed with the District Court's determination that it lacked jurisdiction to hear Petitioner's claims based on the wrongful denial of sex offender treatment, *see id.* at 114-115, but nonetheless affirmed the District Court's dismissal on alternate grounds. The Third Circuit determined that Petitioner's claims failed on the merits for two reasons: first, the SVPA is not 'punitive' in nature, and thus is not 'cruel and unusual punishment in violation of the Eighth Amendment'", *see id.* at 115 (citing *Doe v. Miller*, 405 F.3d 700, 723 n.6 (8th Cir. 2005)); and second, "a 'punitive as applied' argument is foreclosed by *Seling*." *Id.* (citing *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007) (subsequent history omitted).

In Point I of his Amended Complaint, Plaintiff appears to liken himself to the Petitioner in *Conover*, explaining that State had determined that "JA" was not eligible for treatment as a sex offender while he was in prison and, thus, did not provide such treatment while Plaintiff serving his criminal sentence. He further states that the State subsequently reversed course and determined that he was in need of treatment and civilly committed him to the STU, where he has remained for 12 years. (*Id.*, Complaint at page 2.) Even if these facts are true, and Plaintiff's situation is identical or nearly identical to Conover's, the Third Circuit did not provide any relief Conover; rather, it wholly <u>affirmed</u> the district court's dismissal of Petitioner Conover's habeas claims challenging his commitment under the SVPA. As such, the Court fails to see how Plaintiff could state a § 1983 claim in response or reply to the Third Circuit's decision in *Conover*. There also appears to be no basis in *Conover* for Plaintiff to bring a belated claim for habeas relief that challenges the state's <u>original decision</u> to confine him in the STU.[1]

---

[1]   Given Plaintiff's citation to *Conover*, it is not entirely clear whether Plaintiff is attempting to bring claims for relief under 42 U.S.C. § 1983 and/or claims for habeas relief. However, regardless of the title of his action, to the extent Plaintiff is seeking *relief* that would necessarily result in his release from the STU, he may <u>not</u> bring such claims for relief in a § 1983 action. As explained by the Third Circuit in *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513

Plaintiff may be trying to bring a § 1983 claim for injunctive relief against Defendants based on their failure to provide sex offender treatment and/or their reduction in or elimination of sex offender treatment at the STU.[2] In Point II, Plaintiff appears to cite to the docket numbers of several prior §1983 cases in this District as evidence that the STU is not providing treatment or is providing inadequate treatment.[3] One of the cases cited by Plaintiff is the late Judge Debevoise's published decision in *Thomas v. Adams*, 55 F. Supp. 552 (2014).

In *Thomas*, Judge Debevoise addressed whether a civilly committed person under the SVPA who was housed in the STU stated a claim for supervisory liability based on reduction or elimination of mental therapy for non-medical reasons. *See* 55 F.Supp. 3d at 552. In allowing a Fourteenth Amendment claim to proceed against the supervisory officials, he noted that the Due Process Clause of the Fourteenth Amendment includes a substantive guarantee protecting

---

F.3d 95, 100 (3d Cir. 2008), "the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement fall under § 1983." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Attacks on the fact or duration of the confinement come under 28 U.S.C.A. § 2254. *Id.* "[A] prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser*, 411 U.S. at 489. Under Supreme Court precedent, a section 1983 action challenging conditions of confinement is barred regardless of the relief sought "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Where a litigant's claim for injunctive relief would not "necessarily spell speedier release, it does not lie at 'the core of habeas corpus.'" *Id.* at 82 (citing *Preiser*, supra, at 489). With respect to the instant action, the Court cannot order Plaintiff's release from the STU as a form of relief under § 1983, as that relief is the exclusive province of habeas.

[2] Such a claim would not necessarily result in his speedier release from the STU. *See Wilkinson*, 544 U.S. at 82.

[3] The Court notes Mr. Aruanno is listed as one of the Plaintiffs in both Civ. Act. No. 01-789, *Alves, et al. v. Ferguson, et al.*, and Civ. Act. No. 04-3066, *Bagarozy et. al v. Harris et al.* The relationship between his prior cases and the instant action is unclear. Plaintiff cannot, however, rely on the "record" in those prior cases in lieu of providing facts in his Amended Complaint in this newly-filed action. Nor can he "reopen" one or more of those actions through this new action. The Court again advises Plaintiff that each Complaint is a separate action, and he must provide sufficient facts related to the instant action if he chooses to file a Second Amended Complaint.

7

fundamental rights so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *Id.* at 575 (quoting *Palko v. Conn.*, 302 U.S. 319, 325 (1937)). Under this principle, the Supreme Court previously found that confined mentally retarded persons have a right to receive mental treatment. *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 316, 319, 322 (1983)); *see also Leamer v. Fauver*, 288 F.3d 532, 545-47 (3d Cir 2002) (finding substantive due process violation would exist if "the officials have been deliberately indifferent" to the due process right to a statutorily mandated treatment regimen that was necessary for improvement and advancement toward release). Judge Debevoise concluded that "when a prescribed medical treatment is denied, reduced or changed for non-medical reasons, including financial, administrative or logistical, the so-denied/reduced/changed treatment suggests an act of deliberate indifference and amounts to a violation of both procedural and substantive due process with regard to those mental patients whose sole hope for release hinges on obtaining their prescribed mental therapy." 55 F. Supp. 3d at 576 (citing *Leamer*, 288 F.3d at 545-47; *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993); *White v. Napoleon*, 897 F.3d 103, 113 (3d Cir. 1990)); *see also Carson v. Main*, No. CV 14-7454 (SRC), 2016 WL 347041, at *3 (D.N.J. Jan. 27, 2016) (explaining same).

Although Plaintiff's Amended Complaint refers to *Thomas*, and he, like the Plaintiff in *Thomas*, has sued supervisory/high level state officials, the Amended Complaint provides <u>no factual allegations</u> to suggest that he is trying to bring a *Thomas* claim. If he is attempting to allege a *Thomas*-type claim, Plaintiff must provide facts to suggest that there has been a reduction/change/elimination in the prescribed sex offender treatment at the STU that has occurred for nonmedical reasons. In addition, to state a claims for relief against the Attorney General and/or Merrill Main, he must allege the following with respect to each supervisory

8

official: (1) that the defendant supervising official makes system-wide determinations, (2) those determinations are the moving force behind the circumstances "under which the subordinate officers effectively have no choice but to deny/reduce/change an [S.V.P.'s] prescribed medical/mental treatment for non-medical reasons," (3) such denial or change of treatment was foreseeable under the determinations made by the supervising defendants, and (4) there is a causal link between the supervisor defendant's decisions and the injury to the plaintiff. *Id.* at 577-80; *see also Brown v. Plata*, --- U.S. ---, 131 S. Ct. 1910, 1928-29 (2011); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 310, 316-20 (3d Cir. 2014); *Leamer*, 288 F.3d at 545-47; *Durmer*, 991 F.2d at 68; *White*, 897 F.2d at 113.

Here, however, Plaintiff's Amended Complaint provides <u>no facts whatsoever</u> to support his bare allegation that there is no sex offender treatment available at the STU, and it does not explain what role, if any, the Defendants played in the denial of treatment. As such, his Amended Complaint fails to provide a short and plain statement of his claims or plead enough facts, accepted as true, to plausibly suggest that he entitled to relief. *See* Fed. R. Civ. P. 8(a); *Gibney*, 547 F. App'x at 113. The Court will therefore dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Fed. R. Civ. P. 8 and for failing to provide sufficient facts to suggest he is entitled to relief. To the extent he can cure these deficiencies, Plaintiff may submit a Second Amended Complaint within thirty (30) days of the date of the Order accompanying this Memorandum Opinion. An Appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

Date: June 20, 2016