**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSEPH ARUANNO,** | **Civil Action No. 15-7982 (MCA)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **DR. MERRILL MAIN, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by Plaintiff Joseph Aruanno's filing of a Third

Amended Complaint in the above-titled action.  (ECF No. 14.)  Plaintiff is involuntarily

committed pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. §

30:4-27.24 et seq., and currently resides at the Special Treatment Unit ("STU") in Avenel, New

Jersey.  He has sued the Attorney General of the State of New Jersey and Dr. Merrill Main,

alleging violations of his constitutional rights under 42 U.S.C. § 1983 related to alleged failure to

provide him with sex offender treatment during his prison sentence and at the STU.

On three occasions, the Court has dismissed complaints in this matter pursuant to its

screening authority under 28 U.S.C. § 1915(e)(2)(B).  *See* ECF Nos. 2-3, 5-6, 12-13.  Each time,

the Court provided leave for Plaintiff to submit an amended complaint to cure the deficiencies in

his claims for relief.  The Court now screens the Third Amended Complaint for dismissal.

Plaintiff's Third Amended Complaint, ECF No. 14, provides no new allegations

regarding the lack of sex offender treatment at the STU or any other allegedly unlawful

conditions of confinement at the STU.  Instead, Plaintiff provides several arguments in "reply" to

the Court's dismissal of his Second Amended Complaint.  *See* Third Amended Complaint at 2.

1

Plaintiff, a frequent litigator in this District, also seeks a legal guardian to proceed in this matter. *See* Amended Complaint at 2. He also asserts that he has asked the STU for legal supplies, and has been denied paper and access to the law library which prevents him from providing a thorough reply to the Court's dismissal of his Second Amended Complaint. *Id.* at 2, 4.

As to his substantive claims, Plaintiff asserts that "the focus and key issue" in this matter is the failure to provide him sex offender treatment during his prison sentence, which would have alleviated the need to civilly commit him. *Id.* at 3. Plaintiff claims that he previously challenged the failure to provide him sex offender treatment in prison in both civil rights actions and his civil commitment proceedings, but "the Courts" failed to address this issue until *Conover v. Main*, 601 F. App'x. 112, 114 (3d Cir. 2015). *Id.* at 3. Plaintiff appears to assert that his claim regarding the failure to provide sex offender treatment to him during his prison sentence is timely because such a claim was not recognized by the Third Circuit until the *Conover* decision in 2015. *See id.*

As the Court explained in its prior Opinion, Plaintiff misreads *Conover*, which addressed a <u>habeas claim</u> based on the failure to provide sex offender treatment to a petitioner prior to his civil commitment. Like Plaintiff, Conover was civilly committed under the SVPA after failing to qualify for sex offender treatment during his prison sentence:

> In 1993, Conover pled guilty to first-degree aggravated sexual assault, second-degree attempted aggravated assault, first-degree kidnapping, first-degree armed robbery, and second-degree burglary. At the time of sentencing, Conover argued he qualified under New Jersey's Sex Offender Act to serve his sentence at the Adult Diagnostic Treatment Center (ADTC) at Avenel, where he would receive "a program of specialized treatment for his mental condition." N.J.S.A. 2C:47–3(a) (1979). Based on a court-ordered psychological evaluation, however, the trial judge determined Conover failed to meet the statutory criteria for incarceration at the

2

ADTC and instead sentenced him to a 24–year prison term, during
which he neither requested nor received sex-offender treatment.

While Conover was still incarcerated, the New Jersey
Legislature passed the SVPA, allowing it to identify and commit
for treatment "a[ny] person who has been convicted ... for
commission of a sexually violent offense, ... and suffers from a
mental abnormality or personality disorder that makes the person
likely to engage in acts of sexual violence if not confined in a
secure facility for control, care and treatment." N.J. Stat. Ann. §
30:4–27.26 (1998). After reviewing Conover's case toward the end
of his prison term to determine his eligibility under the SVPA, the
State filed a petition for civil commitment in April 2007. Conover
"immediately challenged the State's petition, arguing that because
he had not been provided with sex offender treatment while he was
incarcerated, civil commitment would violate the ex post facto
clauses of the federal and state constitutions." *In re Civil
Commitment of W.X.C.*, 204 N.J. 179, 8 A.3d 174 (2010).

The SVPA trial judge rejected Conover's facial and as-
applied challenges to the SVPA, concluding that the statute was
civil (rather than punitive) in nature and therefore did not subject
him to ex post facto punishment. Further, the judge found that the
State had proven by clear and convincing evidence that Conover
was a sexually violent predator who qualified for civil
commitment. He appealed, and both the New Jersey Superior
Court Appellate Division and New Jersey Supreme Court affirmed.
The U.S. Supreme Court denied Conover's petition for a writ of
certiorari.

*Conover v. Main*, 601 F. App'x. at 113–14.  Conover filed a federal habeas petition, and the

district court determined it lacked habeas jurisdiction to consider the claims and found that such

claims must be brought under § 1983.  The Third Circuit granted a certificate of appealability,

and held that petitioner's claims, which sought to invalidate his civil commitment,[1] were

properly brought in habeas.  *Id.* at 115.  The Third Circuit further determined that his habeas

claims failed on the merits.  *See id.*

---

[1] The relief Plaintiff is seeking in this action is unclear but Plaintiff does not directly seek
immediate release from civil commitment or to invalidate his civil commitment.

*Conover* does not provide the authority for Plaintiff's § 1983 action premised on the failure to provide sex offender treatment in prison.  Instead, the claim Plaintiff wishes to bring regarding the failure to provide him sex offender treatment in prison appears be an extension of the right recognized in *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002).  There, the Court of Appeals held that 42 U.S.C. § 1983 was the appropriate vehicle for a prisoner to challenge the denial of sex-offense treatment required for his parole eligibility and further held that New Jersey's prior statutory regime for sex offenders created a fundamental due process liberty interest in treatment. *See Leamer*, 288 F.3d at 545.  Thus, Plaintiff's § 1983 claim based on the failure to provide sex offender treatment while in prison was available to him in 2002.

Plaintiff's §1983 claim premised on the failure to provide him with sex offender treatment in prison is also untimely.  There is a two-year statute of limitations for § 1983 claims. *See Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009).  Under federal law, a Section 1983 cause of action begins to accrue when the wrongful act or omission results in damages.  *See id.* at 185-186 (internal citation omitted).

Petitioner was sentenced to ten years imprisonment and community supervision for life as a sex offender on February 5, 1999.  *See Aruanno v. Sherrer*, No. CIV.A.02-2446 JBS, 2005 WL 3588548, at *1 (D.N.J. Dec. 27, 2005), aff'd, 277 F. App'x 155 (3d Cir. 2008).  In April 2004, while Aruanno was still serving his prison sentence, the State of New Jersey filed a petition to involuntarily commit him pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. § 30:4-27.24 et seq.  *See Aruanno v. Hayman*, 384 F. App'x 144, 145 (3d Cir. 2010).  On May 9, 2005, following a full hearing, the court entered judgment declaring Plaintiff a sexually violent predator in need of involuntary commitment.  *See Aruanno v. Yates*, 2016 WL 4951047, at *1 (D.N.J. Sept. 14, 2016).  Here, the relevant omission – the failure to provide

Plaintiff with sex offender treatment – occurred during his prison sentence.  Plaintiff's claim for

relief accrued at the latest when he was civilly committed in 2005, approximately 10 years before

he brought this action in 2015.

Nor does Plaintiff sufficiently allege any valid basis to delay accrual or equitably toll the

limitations period for such an extended period.  Equitable tolling is governed by state law unless

inconsistent with federal law or with the policy which federal law seeks to implement.  *See*

*Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  Under New Jersey law, a statute of limitations can

be tolled based upon equitable principles, including the discovery rule. *Freeman v. State*, 347

N.J. Super. 11, 28 (App. Div.2002).  The discovery rule postpones a claim from accruing if a

plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the

injury, that it was the fault of an identifiable person. *See Caravaggio v. D'Agostini*, 166 N.J. 237,

245-46 (2001).  Where a claimant is aware that harm has been done him, ignorance of his legal

rights does not toll the statute of limitations.  *Freeman*, 347 N.J. Super. at 22.  As explained

above, the cause of action was available in 2002, *see Leamer, supra*, and Plaintiff should have

been aware that he was harmed by the failure to provide him sex offender treatment, at the latest,

when he was civilly committed in 2005.

Plaintiff claims only that he should be permitted to assert this claim to avoid "manifest

injustice" and due to unspecified "obstructive measures" of the Defendants, *see* Third Amended

Complaint at 3, but he fails to provide sufficient factual allegations to justify tolling under state

or federal law.  For instance, federal courts may toll statutes of limitations for federal laws where

the plaintiff "in some extraordinary way has been prevented from asserting his or her rights."

*Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (citing *Oshiver v. Levin, Fishbein,*

*Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994)).  But Plaintiff has provided only vague

and conclusory allegations which do not suggest any basis for equitable tolling.  Here, Plaintiff's

§ 1983 claim premised on the failure to provide him with sex offender treatment when he was

serving his prison sentence is untimely, and the Court will dismiss that claim with prejudice.

Plaintiff has also attached "Exhibit A" from his Second Amended Complaint to his Third

Amended Complaint.  *See* ECF No. 14, at 5-7.  In dismissing Plaintiff's Second Amended

Complaint, the Court analyzed the facts provided in Exhibit A and found that Plaintiff failed to

state a claim for relief with respect to the allegations therein.  *See* ECF No. 12 at 8-10.  Plaintiff

has provided no new facts for the Court's consideration, and the Court dismisses these claims for

the reasons stated in its prior Opinion.

The Court has liberally construed Plaintiff's filings but finds that the Third Amended

Complaint also fails to state a claim for relief under 42 U.S.C. § 1983 and is untimely, and

Plaintiff has not provided any basis for the Court to reconsider any of its prior rulings.  Having

provided Plaintiff with repeated opportunities to amend his federal claims, the Court declines to

permit him to submit any additional amended complaints in this matter.  *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Godfrey v. Pennsylvania*, 525 F. App'x.

78, 81 (3d Cir. 2013).  At this time, the Court will dismiss this matter with prejudice pursuant to

its screening authority under 28 U.S.C. § 1915(e)(2)(B).

Because the Court has dismissed the Third Amended Complaint, it will likewise deny the

request to appoint counsel or a guardian and will also deny his request to have his case

consolidated with the Petitioner in *Conover v. Main*, 601 F. App'x. 112, 114 (3d Cir. 2015).  An

appropriate Order follows.

6

June 2, 2020                                                      _____

                                        Madeline Cox Arleo, District Judge
                                        United States District Court